UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:14-CV-00177

RICHARD CRIDER, Plaintiff

v.

BRETT FITCHPATRICK and
TYSON FOODS, INC., Defendants

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Tyson Foods, Inc.'s Motion to Dismiss. (Docket No. 8). Plaintiff Richard Crider has responded. (Docket No. 10). This matter is now ripe for adjudication. For the following reasons, the Court will **GRANT** the Defendant's Motion.

## BACKGROUND

This litigation arises following an accident in which the Plaintiff allegedly sustained vehicle damage and personal injury. The Plaintiff made a claim against Brett Fitchpatrick for negligence, and against Tyson Foods, Inc., Fitchpatrick's employer, for vicarious liability. The Plaintiff has alleged that prior to filing his lawsuit, Tyson failed to negotiate in good faith. He asserts a claim under the Kentucky Unfair Claims Settlement Practice Act.

## STANDARD

The Federal Rules of Civil Procedure require that pleadings, including complaints, contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a claim or case because the complaint fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b). When considering a Rule 12(b)(6) motion to dismiss, the court must presume all of the factual allegations in the

complaint are true and draw all reasonable inferences in favor of the nonmoving party. *Total Benefits Planning Agency, Inc.*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)). "The court need not, however, accept unwarranted factual inferences." *Id*. (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

Even though a "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Instead, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citations omitted). A complaint should contain enough facts "to state a claim to relief that is plausible on its face." *Id*. at 570. A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). If, from the well-pleaded facts, the court cannot "infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 1950 (citing Fed. R. Civ. P. 8(a)(2)). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*.

## DISCUSSION

The Defendant Tyson Foods, Inc. ("Tyson") states that:

the UCSPA, like common law bad faith, was developed to prevent insurance companies from negotiating settlements in bad faith and both the UCSPA and common law bad faith have been specifically determined to be inapplicable to a company such as Tyson that is not an insurance company. Thus, Plaintiff cannot sustain an action against Tyson

> pursuant to the Kentucky UCSPA or for common law bad faith under any circumstances, such that Plaintiff's Complaint in this regard fails to state a claim upon which relief can be granted, and therefore these allegations should be dismissed with prejudice.

(Docket No. 8).

The Plaintiff agrees. His response states, "Whereas the undersigned believes the existing law's rational to be flawed and illogical we can not make a good faith argument to rebut the Defendant's Motion." (Docket No. 10).

The Kentucky Supreme Court has held that "both the statute and the common law tort [of bath faith] apply only to persons or entities engaged in the business of insurance ...." *Davidson v. Am. Freightways, Inc.*, 25 S.W.3d 94, 95 (Ky. 2000). Accordingly, the Kentucky UCSPA is inapplicable to Tyson and no claim for statutory bad faith for allegedly failing to resolve claims in good faith can be brought against Tyson.

## CONCLUSION

IT IS HEREBY ORDERED that the Defendant Tyson Foods Inc., Motion, (Docket No. 8) is **GRANTED**. The claims of bad faith and for violation of the Kentucky Unfair Claims Settlement Practices Act against Tyson are dismissed.